**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF RHODE ISLAND**

**NORMAN LAURENCE, JR.**

**v.** **C.A. 07-081 ML**

**ASHBEL T. WALL, II, et al.**

**Report and Recommendation**

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff Norman Laurence, Jr., *pro se*, an inmate incarcerated at the Adult Correctional Institutions, filed this instant civil action[1] allegedly pursuant to 42 U.S.C. § 1983 and named as defendants some 70 employees and/or officials at the Rhode Island Department of Corrections. Plaintiff's complaint consists of 80 handwritten, single-spaced pages and contains over 255 numbered paragraphs. Plaintiff's complaint can best be described as rambling and repetitive, and is difficult to comprehend. More importantly, it is unclear from reading the complaint what legal claims are asserted and which claims are asserted against which defendant.

Section 1915A of Title 28 of the United States Code directs the Court to review prisoner complaints before docketing or soon thereafter to identify cognizable claims or dismiss the complaint

[1] Plaintiff filed a complaint similar to the instant complaint. See Laurence v. Wall, C.A. No. 07-066 ML.

if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A. Pursuant to this directive, I find that the instant complaint fails to state a claim upon which relief can be granted because plaintiff has failed to comply with Fed. R. Civ. P. 8.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The statement should be short because unnecessary length places an unjustified burden on the court and on the party who must respond to it. 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1281 at 709 (3d ed. 2004). The statement should be plain because the principle function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted to enable him to answer and prepare for trial. Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). Furthermore, Rule 8(e)(1) provides that each averment of a pleading shall be simple, concise, and direct. Fed. R. Civ. P. 8(e)(1).

And, while complaints by *pro se* plaintiffs are held to less stringent standards than formal pleadings drafted by lawyers, see Haines v. Kerner, 404 U.S. 519, 520 (1972), a *pro se* plaintiff must still comply with procedural and substantive law, including Rule 8. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Here, considering the length of plaintiff's complaint, the constant repetitions, and the overall confusing nature of the

complaint, it would be challenging, at best, for the defendants to be properly put on notice of plaintiff's claims. Indeed, the complaint does not permit the defendants to answer and prepare for trial. Moreover, the Court and defendants would be unnecessarily burdened in having to sift through plaintiff's complaint to determine the relevant facts and the underlying claims. Therefore, I find plaintiff's complaint violates Rule 8. See Jackson v. Polaroid Corp., Nos. 98-1486, 98-1645, 1999 WL 525956, at *1 (1st Cir. Jan. 4, 1999) (unpublished); Salahuddin, 861 F.2d at 41 (15-page, 88-paragraph complaint, naming 22 defendants was "clearly in violation of Rule 8").

Accordingly, since plaintiff's complaint violates Rule 8, I recommend that plaintiff's complaint be dismissed without prejudice. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
June 12, 2007