United States District Court
For
The District of Rhode Island

Norman Laurence JR

V CA No. 07-081 ML

Ashbel T Wall II ETal

# Motion To Amend

Plaintiff Norman Laurence Moves This Honorable Court To Grant This Motion To Amend according To Federal civil rule 15 pleadings (c) 2 and (d) The court May upon reasonable notice permit the party To serve a supplemental pleading setting Forth Transactions, occurences, or events. I also ASK TO Be allowed To amend new allegations pertaining To 2005 and 11/17/06, I was under pressure To Keep The claim A Limited Size. The amended claim is needed To prove The original amended claim with all due respect here is My legal argument.

United States V Gerena cite as 667 F.Supp 911 Defendants Moved For clari

Fication on issue of Applicability of First circuit Law to electronic Surveillance claims or, in the alternative for reconsideration. senior district Judge held That questions relating to Electronic Surveillance operations conducted within a Federal circuit and Supervised by its courts are governed by The Laws of That Jurisdiction please read pages 416-417 and 424.

United States v Taketa cite as 923 F2d 665 AT 674 9Th cir 1991 paragraph 17. The video Tape was a continuous search of any one who entered The cameras Field of vision. cuevas Sanchez 821 F2d at 251 Video Surveillance is a Fourth amendment search. Torres 751 F2d at 882-83 declining to hold Television Surveillance perse unconstitutional But recognizing its clear potential For Abuse.

United States v Heatley 41 F.Supp 2d 284 paragraph 1 U.S. v cohen 796 F2d 20 2d 20 2d 1986 when a prisoner's effects are searched at The instigation of non prison officials For non institutional security related reasons The validity of The search may be challenged. To acquire information other then From a wire

or radio communication under circumstances in which a person has a reasonable expectation of privacy and a warrant would Be required For Law enforcement purposes. The Senate Judiciary Committee report on F.I.S.A Explains That Subparagraph could also include Miniaturized Television cameras and other sophisticated devices not Aimed Merely at communications S. rep no 604 95Th cong 1ST sess 35 reprinted in 1978 U.S. code cong. IT is clear That video surveillance Falls within The F.I.S.A definition OF Electronic Surveillance

United States V Gugel 119 F. Supp 897 IF The use OF a camera is carried on in such a way as To invade The right OF privacy OF an individual such Action could Be Attacked only under a LawFull STatute OF The United STaTes or raised by The OFFering OF OBJecTions To The introduction OF Pictures so OBTained in some Judicial or ExTra Judicial proceeding

your Honor Are you Familiar with Turner V SaFely 482 U.S. 78 107 SCT 2254 The court proposed criteria To be used in determining The reasonableness OF Govern

ment regulations? when I do legal work or write info I dont want my Adversarys to know its to late my tormenters have all ready GOBBLed up the data. In Torres paragraph 8 since the Fourth amendment has Long Been held Fully applicable to the states through the Fourteenth amendment state and Local officers who might want to use television surveillance in criminal investigations will be under the same restraints as we impose on Federal officers today. paragraph 9-11 several provisions of F.I.S.A make it unmistakably clear that Government (Federal, state and Local may not use highly intrusive forms of Electronic Surveillance unless it does so in accordance with either Title III or F.I.S.A 18 U.S.C. 2511(2)(F) codifying 201(b) of F.I.S.A 50 U.S.C. 1809 codifying 109 of F.I.S.A unless those statues are complied with. LAW Enforcement officers who Engage in the Forms of Surveillance may very well be committing a Federal crime 50 U.S.C 1809 when discussing Title III and U.S.C. 1801 (F) 2511 Electronic Surveillance is defined as the installation or use of an electronic mechanical or other survei

llance device in The U.S. For Monitoring.
CLArK v TAylor 710 F2d 4 The privacy right is derived From My FourTeenth amendment and a due process and LiberTy interest. Borucki v Ryan ciTe AS 827 F2d 836 1ST cir 1987 pArAgraph 3 ciTes Bohn v counTy OF DAKOTA 772 F2d 1433, 1436 n 4 (8Th cir 1985 where eFFecT OF deFamaTion would Be To erode SolidariTy OF plainTiFFS Family damage To repuTaTion inTerest was acTion able and disTinguishable From paul Jones v palMer Media inc 478 F. Supp 1124, 1129 ED Tex( deFamaTion can give rise To The cause OF acTion under consTiTuTion when in addiTion To repuTaTional damage There is a violaTion OF FundamenTal personal privaTe right. I Aver This EnTire case perTains To Borucki, The consTiTuTional ViolaTions Being inFlicTed on me is a on going common occu rence, The cameras are a on going violaTion OF My consTiTuTional rights To LimiTed privacy. Ive Been Being AcTively invesTi gaTed By The special invesTigaTion unit and By The very correcTional oFFicers who WATch My every move wiTh The cameras. From The main conTrol cenTer. IM Being InvesTigaTed For Fraud and a Smorgasboard OF Allegations iTS A

criminal investigation and The S.I.U and offi cers report there allegations to the state police and Ms Soccio, This is Exactly what Electronic surveillance is not to Be used For, I M Trapped in A cell Monitored By The very people I M sueing. and The cameras are Abused. In United States V Cohen 796 F2d 20 ( 2nd cir 1986 at pGe 24 "Here The Search was initiated by The prosecution Solely To oBTain Information For a Superseding indict ment. In our view This kind of warrantless search of a prisoners cell Falls well outside The Rationale of The decided cases. Barr retains a Fourth amendment right - Though Much dimi nished in Scope Tangible enough To Mount The attack on This warrantless search. we Therefore hold That Barr retains an Expectation of privacy within his cell sufficient To challenge The inves Tigation and investigatory search ordered by The prosecutor. Because his Effects were searched at The instigation of non prison officials For non institutional Security related reasons The validity of The search May be challenged. an individuals Mere presence in a prison cell does not Totally strip away every garment cloaking his Fourth amend ment rights even Though The covering That remains is but a small remnant.

On 11/17/06 when Eric Croce and Bill Begones were Telling Judge Fortunato Jr That They were investigating me for sexual assault and how I was video Taped an so Forth, Ms Soccio Told The Judge," I had no Knowledge of This Judge after The Judge Left Mr Croce Accused Ms Soccio of Leaving him holding The Bag She said you should Be Glad you may need me

Febuary 05 newport County superior Court a D.a. Ms Keough on record Told Judge Fortunato Jr That Ms Soccio wanted To clean up her own mess. Dr wall Told me in writing he never gave out my psychiatric Tapes of The 1999 Evaluation. Ms Soccio Told me in writing she had no Knowledge of These Tapes and on 11/17/06 she admitted reading The wall report in 1999, The sexual assault investigation was a spin off From The psychiatric re port, I was investigated with The use of concealed cameras and video Taped For years

S.I.U and correctional officers Let it Be Known They have a Tape of me laying Face down on my Floor and useing my Bed To write a letter defending my self on why I changed A BABY Girls diaper in 1988 They claim my Face was red while

writing This so This means To Them That I Molested a BaBy Girl, They have convinced The inmates of This and That Theres camera's and video Tapes, The other story is They seen me Through The window. This is Just one incident of how my Life is A Living hell and how IM subjected To Torture By A camera That records Electronic Images From me. I want To defend my self against All These hideous allegations

Farmer V Brennan 114 S.cT 1970 Rhodes V chapman 452 U.S. 337, Gregg V Georgia 428 U.S. 153, 183. The Eighth amendment prohibits all punishments physical and mental which is Totally without penological Justification Such Brutality is The equivalent of Torture and is offensive To any Modern standard of human dignity.

procunier V Martinez cites as 94 S.cT 1800 Avers I have a First amendment and Fourteenth amendment protection against unjustified Government interference. The First amendment serves The human spirit a spirit That demands self expression such expression is an integral part of The development of ideas and a sence of identity. To suppress expression is To reject The Basic human desire For recognition and affront

The individuals Worth and dignity. IM constantly Watched with cameras and My body Language is open To interpretation By The officers who hate me. who IM sueing and one of them sent Embarrassing photos of me To society That depicted me in all Locations of My cell. Everything I do or dont do is made Into an act of perversion and passed along To the Teachers, nurses, counselors and There told So and So seen me Through The window They use The cameras To create hate and Fear To manipulate and intimadate poten Tial witnesses.

The Main control room officers Literally Wait For me To Masturbate so They can connect it To A Book I read or newspaper or a Law Book To SAY A Child Triggered IT

In PArrat V Taylor 451 U.S. 527, 101 SCT 1908 The court held That a prisoner has a Limited privacy right in his cell Entitleing him To protection against searches con ducted Solely To harass and humiliate.

Jordan V Gardner 989 F2d 1521, 1524-31 There can be no doubt That severe or repetive sexual abuse of a inmate By a prison official can Be oBJectively sufficien Tly serious enough To constitute an Eighth amendment violation, Rhodes 101 S.CT 2399

Sexual abuse of a prisoner by a correctional officer has no penological purpose and is simply not part of the penalty criminals pay. nolley v county of Erie cite as 802 F. Supp at 902 paragraph 2 statements that are defamatory per se by their very nature are likely to cause mental and emotional distress as well as injury to reputation so there arguably is little reason to require proof of this kind of injury either

The gist of the cause of action in a privacy case is not injury to the character resulting in an injury to the feelings without regard to any effect which the publication may have on the property, Business pecuniary interest, or the standing of the individual in the community. The right of privacy concerns ones own peace of mind while the right of freedom from defamation concerns primarily ones reputation. The injury is mental and subjective it impairs the mental peace and comfort of the person and may cause suffering much more acute than that caused by a bodily injury. paragraph 6 the court awarded plaintiff 20.00 per day and another 10.00 per day in presumed damages for her 310 days in segregation. Her total award was 68,40100 and was

Later reduced in a subsequent hearing with all due respect I state a claim for which relief can be granted. The money damages are not Black mail and Extortion. I was in seg like conditions about 4 times longer then Ms Nolley. God Bless her. The allegations in the proposed amended complaint about C/O Sousa are important to show the intense scrutiny of me and my cell and how I was constantly under surveillance and stigmatized and constantly viewed as a sexual deviant doing something wrong everytime I had a Book in my hand or a picture in my cell it shows there state of mind.

Wherefore I pray this motion will Be Granted

Respectfully
Norman Lawrence
1\3\08