UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

NORMAN LAURENCE, JR.            :
                               :
        v.                     :        C.A. No. 07-081ML
                               :
ASHBEL T. WALL, et al.         :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

  Plaintiff, Norman Laurence, Jr., is an inmate at the Adult Correctional Institution ("ACI")

in Cranston, Rhode Island.  In 2000, a Superior Court jury convicted Plaintiff of first-degree murder

by aggravated battery, conspiracy to commit first-degree murder and breaking and entering.  State

v. Laurence, 848 A.2d 238, 249 (R.I. 2004).  Plaintiff was sentenced to life without possibility of

parole on the murder conviction and concurrent prison terms on the conspiracy and breaking and

entering convictions.  Id.  The convictions arose out of the brutal murder of Plaintiff's ex-girlfriend

in 1997.  Id. at pp. 242-243.  The alleged motive for the murder was a concern by Plaintiff and his

co-conspirator that the victim would tell, or had told, the police about a burglary of approximately

$5,000.00 committed by them.  Id.

  On March 5, 2007, Plaintiff initiated this action under 42 U.S.C. §§ 1983 and 1985.

(Document No. 1 at p. 4).  Plaintiff alleges that fifty-nine named defendants (wardens, supervisors,

correctional officers, nurses and other ACI personnel, and state police officers and sheriffs) as well

as several unnamed "John or Jane Doe" defendants violated his civil rights.  Id. at pp. 4-11.  Plaintiff

is proceeding pro se.  His Complaint is handwritten and consists of 255 paragraphs totaling eighty

pages.  The Complaint is a detailed, nearly day-by-day account of Plaintiff's interactions with ACI

personnel and others mostly during 2004 and 2005.  Although Plaintiff's Complaint is somewhat

disorganized and rambling, it centers around his allegation that various defendants have used hidden

cameras, listening devices and two-way mirrors to surveille him while he performs personal bodily

functions and while he does his legal work, and then uses the results of such surveillance to taunt

and harass him and to gamble on what he will do.  Plaintiff also alleges that certain defendants have

used the results of such surveillance "to turn people in society against [him]."  Id. at p. 2.

Neither Plaintiff nor these general allegations are new to this Court.  Plaintiff has filed five

civil rights actions in this Court since 2006.  Although not identical, the Complaints in these cases

all focus on allegations of hidden surveillance and harassment, and each  name dozens of

individuals, mostly ACI personnel, as defendants.

The first case (Laurence v. Wall, C.A. No. 06-455T) was filed on October 16, 2006.  Plaintiff

never paid the filing fee or applied for in forma pauperis status.  In response to an Order directing

him to do so, Plaintiff requested that his Complaint be dismissed without prejudice "so I can

continue to seek my due process in state court."   The request was deemed to be a Notice of

Dismissal pursuant to Rule 41(a)(1), Fed. R. Civ. P., and the case was closed.  The second case

(Laurence v. Wall, C.A. No. 07-066ML) was filed on February 16, 2007.  That case was dismissed

without prejudice on procedural grounds.  The Court found that his lengthy, handwritten Complaint

was "rambling and repetitive," "difficult to comprehend," and violated the short and plain statement

requirement of Rule 8, Fed. R. Civ. P.[1]  The case was closed, and Plaintiff did not appeal.

---

[1]   The Complaint in this case is very similar in form, content and lack of clarity to the one rejected as
nonconforming in C.A. No. 07-066ML.  Also, in C.A. No. 07-066ML, Plaintiff unsuccessfully sought to transfer a
similar civil rights case pending in Superior Court (Laurence v. Wall, C.A. No. PC-03-6046 (R.I. Superior Court)) to
this Court.

This case is the third case.  The fourth case (<u>Laurence v. Wall</u>, C.A. No. 08-109ML) was filed on March 24, 2008.  It was extensively litigated over the past three years.  Ultimately, on March 7, 2011, Final Judgment entered in favor of Defendants dismissing all of Plaintiff's claims with prejudice.  Plaintiff has appealed, and the appeal is in its early stages.  <u>See</u> <u>Laurence v. Wall</u>, Ct. App. No. 11-1307 (1st Cir.).  The fifth and final case (<u>Laurence v. Wall</u>, C.A. No. 09-427ML) was filed on September 14, 2009.  On December 10, 2009, the Complaint was reviewed under 28 U.S.C. §§ 1915(e)(2) and 1915A and dismissed for several procedural and substantive reasons including a finding that Plaintiff's hidden camera allegations were "irrational" and "frivolous."[2] Plaintiff did not appeal that dismissal.

**Standard of Review**

In connection with proceedings <u>in forma pauperis</u>, section 1915(e)(2), 28 U.S.C., directs the Court to dismiss a case at any time if the Court determines that the action is, <u>inter alia</u>, frivolous or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2).  Similarly, section 1915A, 28 U.S.C., directs courts to screen complaints filed by prisoners against a governmental entity, officer or employee and dismiss such claims for identical reasons.  28 U.S.C. § 1915A(b). Section 1915A is part of the Prison Litigation Reform Act ("PARA") and was enacted by Congress to curtail meritless prisoner suits.  <u>See</u> <u>Bieregu v. Ashcroft</u>, 259 F. Supp. 2d 342, 345-346 (D.N.J. 2003) (<u>citing</u> <u>Santana v. United States</u>, 98 F.3d 752, 755 (3rd Cir. 1996)).

---

[2] In <u>State v. Laurence</u>, No. 2007-64-C.A., 2011 WL 1572350 at **9-10 (R.I. April 27, 2011), the Rhode Island Supreme Court addressed Plaintiff's hidden camera allegations and agreed with the trial justice that "there is not a shred of credible evidence...relative to the use of videotaping or any other intrusion into [Plaintiff's trial] preparations."  It also noted that Plaintiff's "own conclusory, self-serving affidavit stating that spying was occurring" was insufficient to overcome the dearth of any independent evidence.  <u>Id.</u>

A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Further, a claim lacks an arguable basis in fact when the facts alleged are "irrational or wholly incredible."  Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("[A] court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiffs allegations" when such factual allegations describe "fantastic or delusional scenarios").

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used for ruling on a 12(b)(6) motion. See Pelumi v. Landry, No. 08-107, 2008 WL 2660968 at *2 (D.R.I. June 30, 2008).  In making this determination, the Court must accept plaintiff's well-pleaded factual allegations as true and construe them in the light most favorable to plaintiff, although the Court need not credit bald assertions, unverifiable conclusions or irrational factual allegations.  Ashcroft v. Iqbal, -- U.S. --, 129 S. Ct. 1937, 1949-1950 (2009); Denton, 504 U.S. at 33.  Further, the Court must review pleadings of a pro se plaintiff liberally.  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  To state a claim on which relief may be granted, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 129 S. Ct. at 1949 (citation omitted); Fed. R. Civ. P. 8(a)(2).

**Discussion**

This is exactly the type of case and litigant that Congress had in mind when it enacted the PARA's screening requirement.  Plaintiff is a convicted murderer serving a life without parole sentence.  He is indigent so he qualifies financially for in forma pauperis status, i.e., excusal from prepayment of the civil case filing fee.  He has plenty of time on his hands to prepare court filings

and no economic or other disincentive from repeatedly filing frivolous and harassing lawsuits.  He primarily sues prison staff and admits that he has been previously diagnosed as "delusional" and "paranoid."  (Document No. 1-1 at p. 4).[3]

As noted above, this is one of five civil rights cases filed by Plaintiff in this Court during his incarceration.  Since only two of the other four cases (C.A. Nos. 08-109ML and 09-427ML) were dismissed on the merits, this case does not technically violate the three strike rule.  Under the PARA, a prisoner is barred from filing a lawsuit if he has, on three or more prior occasions, filed lawsuits that were dismissed as frivolous, malicious or for failing to state a claim unless "the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  However, even though it is not Plaintiff's third strike, this case is repetitive and frivolous and should be dismissed under 28 U.S.C. § 1915(e)(2)(B) and 1915A(b).

In this case, Plaintiff names fifty-nine Defendants, most of whom are employees or agents of the ACI.  Of these fifty-nine, almost all of them (fifty-three out of fifty-nine) have been sued by Plaintiff in his other four closed civil rights cases.  In addition, the vast majority (forty-four out of fifty-nine) were sued by Plaintiff in the two cases (C.A. Nos. 08-109ML and 09-427ML) which were previously dismissed on the merits as frivolous and/or for failure to state any viable legal claims. The Court has closely reviewed Plaintiff's Complaint in this case and it tells a story very similar to the story told in his other four cases.  All five cases arise out of Plaintiff's allegation that dozens of individuals at the ACI are part of an ongoing conspiracy to secretly observe him with a variety of

---

[3] In Laurence v. Wall, C.A. No. 08-109ML, the Court noted that Plaintiff's voluminous submissions included medical records evidencing his mental illness diagnoses and noting that "Plaintiff's irrational claims that he is constantly being watched and talked about, presented in hundreds of pages of rambling affidavits, are consistent with his diagnosis." (Document No. 234 at p. 4 in C.A. No. 08-109ML).  Moreover, in Laurence v. Wall, C.A. No. 06-455T, Plaintiff himself indicated that he had previously been "diagnosed to be a paranoid schitsophrenic [sic] delusional with disorganized thoughts and poor reality testing."  (Document No. 1 at p. 1 in C.A. No. 06-455T).

hidden electronic surveillance devices, including cameras hidden in light fixtures, while he is engaging in personal bodily functions or working on his legal papers. However, Plaintiff has never been able to offer any direct evidence in this case, or in his others, of the presence of hidden surveillance at the ACI (such as pictures or detailed descriptions of the devices or sworn statements from anyone, including himself, who has seen these alleged devices) or any competent indirect evidence other than from himself. Rather, Plaintiff relies exclusively on his own ramblings, and on self-serving statements he claims were made to him by ACI personnel as to the existence of such surveillance or about things Plaintiff had done in his cell which could only be known if he was being secretly watched.

Although the Court must review the evidence and draw all reasonable inferences in Plaintiff's favor when screening a case under 28 U.S.C. § 1915A, the Court is not required to accept "factual contentions that are irrational, delusional, or wholly incredible." Laurence v. Wall, C.A. No. 09-427ML, 2009 WL 4780910 at *3 (D.R.I. Dec. 10, 2009) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992) (court need not accept "fantastic or delusional scenarios")). Here, Plaintiff's Complaint presents an unsupported, irrational and paranoid tale that he is constantly being watched "24 hrs a day" and talked about by ACI personnel. In fact, he claims that he "has been used as a science study for entertainment" and argues that "a jury needs to view the video tapes and log books" to appreciate the level of abuse. (Document No. 1-4 at p. 8).

Further, allowing this case to proceed would essentially give Plaintiff an unwarranted "second bite at the apple" as to these frivolous claims. As previously discussed, Plaintiff filed a very similar case in early 2008 which was apparently served on all, or many of, the sixty-five named defendants and was litigated extensively on the merits. See Laurence v. Wall, C.A. No. 08-109ML.

-6-

The docket consists of over 250 entries, and the Court ruled on several dispositive motions filed by both Plaintiff and Defendants under Rules 12 and 56, Fed. R. Civ. P.  Both sides submitted voluminous exhibits and affidavits in support of their various motions and objections.  Ultimately, the Court concluded that Plaintiff did not present any viable claims and, in particular, that he "failed to demonstrate a trialworthy issue regarding the existence of secret electronic surveillance at the ACI."  (Document Nos. 234 and 239 in C.A. No. 08-109ML).  The Court entered Final Judgment in favor of Defendants on March 7, 2011 and Plaintiff's Notice of Appeal was docketed on March 18, 2011.  His Appeal is presently pending before the First Circuit Court of Appeals and is in its early stages.  It is clear from a review of the docket and operative pleadings in <u>Laurence v. Wall</u>, C.A. No. 08-109ML, that Plaintiff was given his day in court and a full and fair opportunity to litigate his various claims arising out of the alleged hidden electronic surveillance at the ACI.  Applying the principles of judicial efficiency and finality of result, it makes no sense to allow Plaintiff to essentially relitigate in this case, the general claims he was unable to substantiate in C.A. No. 08-109ML.

**Conclusion**

After a thorough and exhaustive review of this Complaint (and Plaintiff's four other unsuccessful cases), I conclude that Plaintiff's claims in this case are frivolous and do not state any claims for relief that are facially plausible.  Thus, I recommend that Plaintiff's Complaint in this case be DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and also that such dismissal constitute Plaintiff's "third strike" for purposes of 28 U.S.C. § 1915(g).

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  <u>See</u> Fed. R. Civ. P. 72(b); LR Cv 72.

Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


   /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 18, 2011